# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION

### CIVIL CASE NO. 1:12cv85

| | |
|---|---|
| JENNIFER BELTER FORMICHELLA, PLLC, | ) |
| JENNIFER BELTER FORMICHELLA, ESQ., | ) |
| as Substitute Trustee, | ) |
| HOMETRUST BANK, as Beneficiary & | ) |
| Lender, | ) |
| | ) |
| Petitioners, | ) |
| | ) |
| vs. | ) |
| | ) |
| JOHN ANTHONY FISHER, III, as Grantor, | ) |
| and RICHARD-ALLEN:SHIARLA, | ) |
| | ) |
| Respondents. | ) |

## ORDER OF REMAND

**THIS MATTER** is before the Court on the Order to Show Cause issued by Magistrate Judge Dennis L. Howell on June 1, 2012 [Doc. 8] and the Response to Order to Show Cause of Richard-Allen:Shiarla [Doc. 9].

## PROCEDURAL HISTORY

On April 27, 2012, the Respondents filed a Notice of Removal in this Court. [Doc. 1]. Although the Respondents failed to attach a copy of the state court complaints which they sought to remove, each of them signed the Notice of Removal. [Id. at 3]. On May 3, 2012, however, Respondent John Anthony

Fisher, III (Fisher) filed a notice that he was withdrawing as a party to this action. [Doc. 4]. Respondent Richard-Allen:Shiarla (Shiarla) subsequently filed voluminous state court records. [Doc. 6; Doc. 7].

The two removed state court actions are foreclosure proceedings pertaining to two parcels of real estate. [Doc. 1; Doc. 6]. The first state court action, which is captioned "In the Matter of the Foreclosure of a Deed of Trust executed by John A. Fisher, III and Jeanette K. Fisher, collectively Grantor, dated July 9, 2010, securing a note in the original amount of $75,000.00 in favor of HomeTrust Bank, Beneficiary, recorded in Book 543, at Page 4 of the Transylvania County Registry, Case No. 11SP168," was initiated on October 3, 2011. [Doc. 6-3 at 126-29]. Shiarla was named as a respondent due to his purported status as trustee of the Toxawa [sic] Land Trust #45. [Id. at 122, 126]. As noted in the caption, the promissory note at issue was executed by Fisher and his wife.

The second state court action, which is captioned "In the Matter of the Foreclosure of a Deed of Trust executed by The Gorges at Lake Toxaway, LLC, Grantor, dated April 10, 2008, securing a note in the original amount of $1,000,000.00 in favor of HomeTrust Bank, Beneficiary, recorded in Book 454, at Page 345 of the Transylvania County Registry, Case No. 11SP169,"

was also initiated on October 3, 2011. [Doc. 7-2 at 144-50]. Shiarla, again, was named as a respondent due to his purported status as trustee of the Toxawa [sic] Land Trust #45. [Id. at 149].[1]

The foreclosure sales of each parcel occurred on January 30, 2012. [Doc. 6-1 at 5-6, 101-105; Doc. 6-4 at 6-8]. The Trustee's Deeds were executed on February 9, 2012 to HomeTrust Bank as the highest bidder for each parcel; and the Trustee's Deeds were recorded on the same date in the Transylvania County Registry. [Doc. 6-1 at 5-6, 101-105; Doc. 6-4 at 6-8].

On June 1, 2012, the Magistrate Judge issued an Order to Show Cause requiring the parties to respond in writing as to why this case should not be remanded to state court. [Doc. 8]. Shiarla was the only party to file response. [Doc. 9].

## STANDARD OF REVIEW

Section 1441 of Title 28 of the United States Code provides that any civil action brought in a state court of which United States district courts have original jurisdiction may be removed to the appropriate federal court. The procedure for such removal requires that it be accomplished only by the

---

[1] Despite the fact that Respondents seek to remove two judicial proceedings to this Court, they attempted to do so by filing only one notice of removal, and purported to open only one action in this Court. Respondents offer no legal precedent for the propriety of such forced consolidation.

consent of all defendants on or before thirty days after service of the initial pleading. 28 U.S.C. §1446(b). "If at any time before final judgment it appears that the district court [to which the case was removed] lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. §1447(c). "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise[.]" 28 U.S.C. §1447(d).

## DISCUSSION

The propriety of removal is determined at the time the notice of removal is filed. Gould v. Artisoft, Inc., 1 F.3d 544, 547 (7th Cir. 1993); Wickline v. Dutch Run-Mays Draft, LLC, 606 F.Supp.2d 633, 635 (S.D.W.Va. 2009). As a result, Fisher's withdrawal of his position as a party in this action and, thus, his consent to removal, is not a sufficient ground on which to remand this action. Roche Constructors, Inc. v. One Beacon America Ins. Co., 2012 WL 1060000 (D.Colo. 2012).

There is nonetheless another ground for remand. "Pursuant to North Carolina law, a foreclosure action is initiated by the filing of a notice of hearing rather than a complaint and summons." In re Naef, 2010 WL 5058383 **2 (E.D.N.C. 2010) (citing N.C. Gen. Stat. §45-21.16). Documents filed in the state court record show that the Respondents were served with the Notices

4

of Hearing on October 4 and 11, 2011. [Doc. 6-3 at 31-36; Doc. 7-2 at 8-9, 14-74]. "Failure to file a notice of removal within thirty (30) days of receipt of the notice of foreclosure hearing is grounds for remand." In re Foreclosure of a Deed of Trust Executed by Pordev, XI, LLC, 2008 WL 5234301 **2 (E.D.N.C. 2008). These two foreclosure actions were not removed within thirty days of receipt of the notices, a procedural requirement for proper removal. Music v. Arrowood Indem. Co., 632 F.3d 284, 287 (6th Cir. 2011). This time limit is "mandatory and is strictly construed in favor of state court jurisdiction." Lovins-Kapler v. Teva Pharmaceuticals, USA, Inc., 2012 WL 208321 **2 (W.D.Mo. 2012).

Shiarla's argument in support of timely removal is that he was actually the highest bidder at the foreclosure sales which were conducted on January 30, 2012. [Doc. 9 at 7]. He does not dispute, however, that he was served with the foreclosure actions in October 2011. Indeed, he has attached voluminous documents showing the same. [Doc. 6; Doc. 7]. The state court foreclosure proceedings were therefore not removed within the statutory thirty day period and the cases must be remanded to state court. Trustee Services of Carolina, LLC v. Rivera, 2012 WL 1645454 (W.D.N.C. 2012) (citing Lovern v. General Motors Corp., 121 F.3d 160, 161-62 (4th Cir. 1997) (other citations

omitted).  "Federal courts construe removal statutes strictly, guarding against expansion of removal jurisdiction by judicial interpretation, and resolving all doubts about the propriety of removal in favor of retaining state court jurisdiction."  CAP of MB, Inc. v. Champion Rock Products, Inc., 111 F.Supp.2d 728, 731 (D.S.C. 2000).  Shiarla offers no authority or argument to counter these well settled principles of jurisdictional law.  Based on the facts presented and the procedural posture of this case, precedent dictates that it must be remanded.

There are grounds for remand in addition to those related to the failure to remove the actions in a timely fashion.  Removal is inappropriate unless the state court complaint, or notice of hearing in this foreclosure, presents a federal question.[2]  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987).  Since district courts have an independent obligation to address subject matter jurisdiction *sua sponte*, it was appropriate for the Magistrate Judge to require the parties to address this issue. Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008).

Shiarla has presented a very novel theory of federal question jurisdiction based on  HomeTrust's status as a federally insured bank and his purported

_____

[2]There is no claim that diversity jurisdiction is stated in those actions. [Doc. 9 at 3].

6

tender of promissory notes and other forms of payment subsequent to the foreclosure sale. [Doc. 9]. The presence of federal question jurisdiction, however, is determined from the state court complaint (the notice of hearing in this case). Caterpillar, 481 U.S. at 392; McNeely v. Moab Tiara Cherokee Kituwah Nation Chief, 2008 WL 4166328 (W.D.N.C. 2008) (nothing in a state foreclosure action of real property suggests a federal question). "No question of federal law is implicated by the properly pleaded notice of foreclosure. Thus, federal jurisdiction does not exist." In re Naef, 2010 WL 5058383 **3; City of Durham v. Wadsworth, 2009 WL 186174 (M.D.N.C.), affirmed 2009 WL 5647194 (M.D.N.C.), appeal dismissed 362 F. App'x. 369 (4th Cir. 2010) (foreclosure actions brought pursuant to state law do not give rise to federal question subject matter jurisdiction); McNeely, 2008 WL 4166328. The "foreclosure action and later eviction proceedings could not have been brought in this court." Cranberry Financial, LLC v. Center of Love Mission Church, 2010 WL 5353361 **2 (E.D.N.C. 2011). Notwithstanding Shiarla's theories, "actions in which defendants merely claim a substantive federal defense to a state-law claim do not raise a federal question." In re Blackwater Sec. Consulting, LLC, 460 F.3d 576, 584 (4th Cir.), cert. denied 549 U.S. 1260, 127 S.Ct. 1381, 167 L.Ed.2d 174 (2007). Shiarla offers no authorities, or even

any argument to counter these well settled points of law.

Federal courts simply do not interfere in state court foreclosure proceedings. <u>MacFadyen v. Smith</u>, 2011 WL 1740583 (D.Md. 2011); <u>Brumby v. Deutsche Bank Nat. Trust Co.</u>, 2010 WL 617368 (M.D.N.C. 2010) (declining to issue restraining order regarding state foreclosure action); <u>Arnold v. Waterfield Mortgage Co.</u>, 966 F.Supp. 387, 389 (D.Md.), <u>affirmed</u> 116 F.3d 472 (4th Cir. 1997) (federal courts should refrain from interfering in state court foreclosure proceedings). Moreover, Chapter 45 of the North Carolina General Statutes provides for an appeal process in foreclosure proceedings and the Respondents have not shown that they availed themselves of those procedures. N.C. Gen. Stat. §45-21.16. By failing to do so, each of them has waived his right to contest any issue adjudicated by the Clerk in the state court foreclosure proceedings. <u>Vogler v. Countrywide Home Loans, Inc.</u>, 2010 WL 3394034 (M.D.N.C. 2010). The doctrine of collateral estoppel therefore precludes relitigation of issues determined in the state court foreclosure. <u>Kalos v. Greenwich Ins. Co.</u>, 404 F. App'x. 792 (4th Cir.), <u>cert. denied</u> __ U.S. __, 132 S.Ct. 119, 181 L.Ed.2d 43 (2011).

For all of these reasons, there is no Federal Question properly before this Court and this action must be remanded to state court.

**ORDER**

**IT IS, THEREFORE, ORDERED** that each of the two state court foreclosure proceedings are hereby **REMANDED** to the Superior Court of Transylvania County and this action is therefore **DISMISSED** with prejudice.

Signed: June 26, 2012

Martin Reidinger
United States District Judge